IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICTOR HUGO RIOS-COLON

Plaintiff

vs                                                                CIVIL 08-1577CCC

PEDRO A. TOLEDO-DAVILA
EDDIE CORDERO-MARTINEZ
ELIZABETH ACEVEDO-RUIZ, these
defendants in their personal and official
capacities; JOHN DOES 1 THROUGH 100,
RICHARD ROES 1 THROUGH 100,
INSURANCE COMPANIES 1 THROUGH 100,
COMPANIES 1 THROUGH 100

Defendants

## OPINION AND ORDER

The action before us filed pursuant to the Civil Rights Act, 42 U.S.C. § §§1983 and
2000e et. seq.; the First, Fourth, Fifth, Tenth, and Fourteenth Amendment of the United
States Constitution; and supplemental claims under the laws of Puerto Rico, to wit: damages
under 1802, the Puerto Rico Whistleblower Act, and Law 100.   The action is now before us
on the following motions to dismiss: Eddie Cordero-Martínez (Cordero) and Elizabeth
Acevedo-Rivera's(Acevedo) Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) **(docket
entry 27)**;   Pedro Toledo's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) **(docket
entry 39)**; Acevedo and Cordero's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) of
the Federal Rule of Civil Procedure **(docket entry  58)** and all defendants' Partial Motion
to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on 11th Amendment
Immunity Grounds **(docket entry 59)**.  Plaintiff Víctor Hugo Ríos-Colón (Ríos) opposed
the motions (docket entries 46 and 63).

We summarize the allegations of Ríos' poorly drafted, amended complaint as follows:

Plaintiff is a black man who, at all times relevant to the complaint, was a police agent
employed by the Puerto Rico Police Department (PRPD).  He states that from 2005 through
part of 2007, he and agent Orlando Adames Cardona, a white person, were assigned to the
Drug Prevention Division through Community Education, for which they had special training.

CIVIL 08-1577CCC                                   2

Ríos-Colón was supervised from the General Police Headquarters in San Juan, but was stationed in the Aguadilla Drug Division where, at all relevant times, defendant Cordero, who is white, was his supervisor.

Ríos-Colón states that in January, 2006, he sent Cordero a complaint against Sgt. Luis L. Carrero-Romero, a supervisor of the Confidential Section of the Aguadilla Drug Division.  He claims that seven months later, Cordero began "retaliatory" and discriminatory behavior against him.  He further alleges that Cordero and Sgt. Elizabeth Acevedo, in charge of the Rafael Hernández Airport, Aguadilla, Puerto Rico, and also white, conspired to deprive him of an office and that on multiple occasions they made racial slurs about him in front of other agents.  He states that Cordero transferred him out of the community education division and reassigned him to another station where his functions included surveillance of passengers, baggage, and cargo at the Aguadilla airport and required him to travel to carriers such as UPS and Island Wide located in the Aguadilla/Mayagüez region.  Ríos-Colón states that Cordero's actions reduced his income since he did not have as much opportunity to accumulate overtime pay.

He contends that the second position in community education remained vacant, and that on or about December, 2007, Adames transferred out of the community education program leaving another vacancy.  Only one position was filled, allegedly by a white male who had been recommended by Cordero.  Plaintiff states that the appointee had less education than he had, and no formal training in giving drug prevention talks.

**Standards for Motions to Dismiss**

Plaintiff must plead enough for a necessary inference to be reasonable drawn. Marrero-Gutiérrez v. Molina, 491 F.3d. 1, 9 (1st Cir. 2007).  The plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action  Bell Atlantic Corp.v. Twombly, 127 U.S.1955, 1985 (2007).  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true,

CIVIL 08-1577CCC                                    3

even if doubtful in fact.  The pleading must contain something more than a statement of facts

that merely creates a suspicion of a legally cognizable right of action.  Id.

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, the Court must "accept as true all well-pleaded  factual averments

and indulge all reasonable inferences in the plaintiff's favor." Doyle v. Hasbro, Inc., 103  F.3d

186, 190 (1st Cir. 1996).  Dismissal under Rule 12(b)(6) is "appropriate if the facts alleged,

taken as true, do not justify recovery."  *Id*.  The standard is not quite as feeble as first

appears:

> The pleading requirement . . . is not a 'toothless tiger.'  The
> threshold for stating a claim may be low, but it is  real.  In
> order to survive a motion to dismiss, plaintiffs must set  forth
> factual allegations, either direct or inferential, regarding
> each  material  element  necessary  to  sustain  recovery.
> Although all inferences must be   made in the plaintiffs'
> favor,  this Court  need  not  accept  'bald  assertions,
> unsupportable  conclusions,  periphrastic  circumlocutions,
> and the like.'

Id. (Citations omitted.)  (Emphasis added.)  Simply stated, the Court must look leniently at

the allegations in the plaintiff's complaint and determine if those allegations "can reasonable

admit a claim."  Id.  Plaintiff must set forth in the complaint "factual allegations, either indirect

or inferential, regarding each material element, necessary to sustain recovery under some

actionable theory."  Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  The  facts

alleged in such a complaint must still be sufficient to state a claim.  See Hughes v. Rowe,

449 U.S. 5, 10 (1980).  The pleading requirements established under Fed.R.Cv.P. 8(a) are

minimal; "When a federal court reviews the sufficiency of a complaint, before the reception

of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The

issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992 (2002).

Because the motions to dismiss duplicate many issues, we address them together,

consolidating the issues raised into one list, as follows:

CIVIL 08-1577CCC                                      4

1)There is no individual liability under  Title VII.

2) Plaintiff failed to exhaust administrative remedies through the EEOC.

3) The complaint does not plead sufficient facts to establish a First Amendment violation.

4)  The complaint does not plead facts relevant to Fourth, Fifth and Tenth Amendment violations.

5) The complaint does not plead sufficient facts to establish a Fourteenth Amendment due process violation.

6) Pedro Toledo Davila is not liable for civil rights violations under a theory of respondeat superior.

7) Eleventh Amendment Immunity bars an action for damages against defendants in their official capacity.

**Title VII**

Ríos-Colón is employed by the Police Department of the Commonwealth of Puerto Rico, which he has **not** sued in this action.  It is established law that there is no individual employee liability under Title VII.  Fantini v. Salem State College, 557 F.3d. 22, 31 (1st Cir. 2009); Zayas v. Frank Torres-Oquendo,2009 WL 1473506 (D. Puerto Rico, 2009); Rodríguez v. Andamios de Puerto Rico, Inc., 2009 WL 1361957 (D. Puerto Rico 2009); Velázquez-Torruella v. Department of Education of Puerto Rico, 2009 WL 972998 (D. Puerto Rico 2009); Rivera Maldonado v. Hospital Alejandro Otero López, 2009 WL 1110459 (D. Puerto Rico 2009).  Therefore, the Title VII claims against PedroToledo, Eddie Cordero and Elizabeth Acevedo do not survive and, therefore, the issue of exhaustion of administrative remedies is moot.

CIVIL 08-1577CCC                                    5

**Section 1983**

42 U.S.C. §1983 provides that whoever

". . . under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws...."

The first inquiry in any §1983 suit is whether the plaintiff has been deprived of any right secured by the Constitution and federal law. It is for violations of such rights that §1983 authorizes redress; the section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Lockhart-Bembery v. Sauro, 498 F.3d. 69, 74 (1st Cir. 2007); Anderson ex.re. Dowd v. City of Boston, 375 F.3d. 71, 77 (1st Cir. 2004).

Ríos-Colón invokes, in his jurisdictional paragraph, the First, Fourth, Fifth, Tenth and Fourteenth Amendments, thereby implying that defendants have violated his rights under them. Therefore, we examine the pleadings of his amended complaint in search of facts supporting a cause of action for each constitutional violation alleged.

A. First Amendment Claim

In opposing defendants' contention that the pleadings are insufficient to state a violation of the First Amendment, Ríos-Colón states, "The retaliatory and racially motivated discriminatory adverse employment action based on whistleblowing is a violation of plaintiff's First Amendment right to freedom of expression."  Opposition, docket entry 46, at p. 3.  The First Amendment is mentioned in the jurisdictional paragraph.  His second cause of action, labeled "Whistle blower," states as follows:  "50. All defendants committed or conspired to

CIVIL 08-1577CCC                                6

commit retaliatory acts against defendant in violation of his Federal First Amendment rights

and whistleblower laws of the United States and Puerto Rico."[1]

The only factual allegation in plaintiff's amended complaint that could possibly support

this statement is found in ¶25: "On or about January 10, 2006 Ríos-Colón sent Cordero a

complaint of Improper Conduct against Sgt. Luis L. Carrero-Romero, a Supervisor of the

Confidential Section of the Aguadilla Drug Division."   From this very vague statement, it

appears that plaintiff is implying that the complaint against Carrero-Romero contains

statements protected by the First Amendment.

When a public employee makes a statement pursuant to his official duties, the

employee is not speaking as a private citizen for First Amendment purposes, and the

Constitution does not insulate their communications from employer discipline.  Garcetti v.

Caballos, 547 U.S. 410, 421 (2006).  However, it is well-settled law that public employees are

not obligated to abandon all of their constitutional rights as a condition of public employment.

See, e.g., Connick v. Myers, 461 U.S. 138 (1983).

> Therefore, in order to determine whether a public employer has
> violated the First Amendment by retaliating against an employee
> for engaging in speech, courts must balance the interests of the
> government–as both sovereign and employer–and those of the
> employee as citizen. To do so, we must first determine whether
> an employee's speech address a matter of public concern, and,
> if so, then balance the interests of the employer in providing
> effective and efficient services against the employee's First
> Amendment right to  freedom of expression.

Latham v. Office of Attorney. Gen. of the State of Ohio, 395 F.3d. 261, 264-65 (6th Cir. 2005).

(Citations omitted.)  An expression addresses a matter of public concern where its subject

matter is such that the public at large would have an important interest in the issue. Id., at

265.

---

[1]With regard to this generic reference to federal whistle blower law, the Whistleblower
Protection Act, Public Law 103-424, is incorporated into Title 5 U.S.C. §1201 et. seq., which
address the merit systems protection for federal employees, and thus, is not applicable to
plaintiff's claims.

CIVIL 08-1577CCC                                        7

We have further guidance from the Court of Appeals for this Circuit in Rosado
Quiñones v. Toledo, 528 F.3d. 1 (1st Cir. 2008), a suit filed by a Puerto Rico police officer
alleging violation of his First Amendment rights when he was transferred, allegedly in
retaliation for having previous filed a complaint against police officials.  In discussing the
content of the speech, the Court stated:

> Whether an employee's speech addresses a matter of
> public concern must be determined by the content, form, and
> context of a given statement, as revealed by the whole record.
> The content of Rosado's speech, as embodied by the allegations
> in his original Superior Court complaint, is dispositive here. That
> complaint, replete with implications that PRPD personnel held
> personal animosity toward Rosado, does not even approach
> matters of inherent public concern in the context of law
> enforcement, such as official malfeasance, abuse of office, and
> neglect of duties. Rosado's claims of "labor harassment" do not
> implicate the ability of the PRPD personnel to carry out their
> responsibility to the public, i.e., the provision of competent law
> enforcement services.
>
> . . . [W]hen a public employee speaks . . . as an employee
> upon matters only of personal interest, absent the most unusual
> circumstances, a federal court is not the appropriate forum in
> which to review the wisdom of a personnel decision taken by a
> public agency allegedly in reaction to the employee's behavior.

Id., at 5-6.  (Citations omitted.)

There are no factual allegations in the amended complaint or arguments in plaintiff's
oppositions that reveal anything about the contents of the complaint or the nature of the
"improper conduct." What we can determine is that the contents were not expressed in a
speech, or published in a public record such as a news media or court records; it was "sent"
to Cordero, from which we infer it was a document directed to him.  From the facts before us,
we cannot infer that Ríos-Colón's complaint about Carrero-Romero related to a matter of
public concern.  There are no facts alleged in the amended complaint that could support a
First Amendment claim.

CIVIL 08-1577CCC                           8

B. Fourth, Fifth and Tenth Amendment Claims

Ríos-Colón does not oppose defendants' requests for dismissal of  his causes of
action under the Fourth, Fifth, and Tenth Amendments.  These amendments are mentioned
only in the jurisdictional statement of  the amended complaint.  Ríos-Colón has not alleged
any facts against a federal defendant that would give rise to a claim under the Fifth
Amendment. Nor are there factual allegations of a search and/or seizure scenario that would
bring Fourth Amendment protection issues into the action.  The Tenth Amendment provides
that, "[t]he powers not delegated to ths United States by the Constitution, nor prohibited by
it to the States, are reserved to the States respectively, or to the people," which is entirely
irrelevant to any facts that are alleged. In sum, plaintiff's under claims under the Fourth, Fifth
and Tenth Amendments fail.


Fourteenth Amendment Claim

Once again there is no mention of the Fourteenth Amendment other than in the
jurisdictional paragraph. With regard to this challenge, Ríos-Colón states, in his opposition,
docket entry 46, at page 3:

> The retaliatory and racially motivated discriminatory adverse
> employment action of state actors, based on whistle blowing,
> without due process, either Fifth Amendment or Fourteenth
> Amendment, deprived Rios of his protected property interest and
> is a violation of plaintiff's Fourteenth Amendment due process
> rights.

The Fourteenth Amendment, in pertinent part, guarantees due process and equal
protection. See, Clark v. Boscher, 514 F.3d. 107, 111 (1st Cir. 2008).  To establish a
procedural due process claim, a complaint must allege a protected property interest under
state law and an adverse employment action that deprived plaintiff of that interest. See,
Daniels v. Williams, 474 U.S. 327(1986); Knappenberger v. City of Phoenix, 2009 WL
1444557 (9th Cir. 2009).  See, also, Morales Tanon v. Puerto Rico Electric Power Authority,
524 F.3d. 15, 17 (1st Cir. 2008).

CIVIL 08-1577CCC                                 9

An employment action, to be adverse, "must materially change the conditions of plaintiff's employment; examples include . . . disadvantaged transfers or assignments and unwarranted negative job evaluations.  Valentín-Almeyda v. Municipality of Aguadilla, 447 F.3d. 85, 95 (1st Cir. 2006).  While adverse actions short of dismissal or demotion, such as transfers, can constitute an actionable adverse employment decision, Welch v. Ciampa, 542 F.3d. 927, 936 (1st Cir. 2008), there is no property right, and thus, no right to procedural due process, with respect to an involuntary transfer, as opposed to the property right of continued employment.  Siaca v. Autoridad de Alueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203 (D.P.R. 2001); Murray v. Board of Educ. of City of New York, 984 F.Supp. 169, 183 (S.D.N.Y. 1997); Anglemyer v. Hamilton County Hospital, 58 F 3d 533, 539 (10th Cir. 1995).

The amended complaint makes no mention of a protected property right. The adverse employment action alleged in the amended complaint–his transfer from community education to surveillance at the airport, the elimination of his office space in his workplace, assignment of duties that require him to travel to offices of UPS and Island Wide, two freight companies, do not involve any protected property interest.  They do not entail either a demotion or a reduction in salary, as plaintiff implies.[2]  There is only the transfer which resulted in diminished opportunities to earn overtime pay. Therefore, Rios' claim of a violation of due process under the Fourteen's Amendment also fails.

Having determined that the complaint fails to a claim under the First, Fourth, Fifth, Tenth and Fourteenth Amendments, there is no cognizable cause of action under §1983.

---

[2]Plaintiff 's allegation on this point is as follows: "36.  This [transfer] by Cordero had the practical effect of a demotion and a reduction in salary, since overtime is not now accumulated at the same amount, since Ríos-Colón stopped giving the drug prevention talks to the community,"  As can clearly be seen, however, no actual demotion or reduction in salary, is alleged; what is alleged is that the transfer resulted in the reduction in overtime income.

CIVIL 08-1577CCC                                        10

While the amended complaint does state a cause of action under Title VII, it does not lie against the defendants, all individual employees, in this case.  As a result, no federal cause of action survives.

      We do not address the merits of Ríos-Colón's supplemental claims under Puerto Rico's La 100, its whistleblower statute and Article 1802 of the Civil Code of Puerto Rico inasmuch as we decline to exercise jurisdiction over them.  Therefore, it is unnecessary to discuss the respondeat superior doctrine as to Pedro Toledo, or Eleventh Amendment immunity of all defendants.

      For the above-stated reasons, defendants' Motions to Dismiss **(docket entries 27, 39, 58 and 59)** are GRANTED.  The federal civil rights claims under Section 1983 and Title VII are DISMISSED WITH PREJUDICE.  The supplemental claims under Puerto Rico law are DISMISSED WITHOUT PREJUDICE to being filed in the Commonwealth courts.

      SO ORDERED.

      At San Juan, Puerto Rico, on June 18, 2009.


                    S/CARMEN CONSUELO CEREZO
                    United States District Judge